LAW OFFICES OF ROBERT P. SPRETNAK
Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 454-4900
Fax: (702) 938-1055
Email: bob @ spretnak.com

Attorney for Kevin Becker, Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN BECKER,

    Plaintiff,

vs.

PERFORMANCE FOOD GROUP, INC. WELFARE PLAN,

    Defendant.

Case No.: 2:19-cv-217

**COMPLAINT**

Plaintiff KEVIN BECKER states as follows:

**Jurisdiction**

1.    This is a civil action that arises from a denial of benefits under an employee benefit plan regulated by the Employee Retirement Income Security Act ("ERISA"). Therefore, this civil action is being brought pursuant to 29 U.S.C. § 1132(a)(1)(B).

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (jurisdiction over federal question), and pursuant to 29 U.S.C. § 1132(e)(1) (jurisdiction over claims brought under 29 U.S.C. § 1132(a)(1)(B)).

3.    Mr. Becker is a resident of Clark County, Nevada, and applied for benefits under the Defendant while residing in Clark County; therefore, pursuant to 28 U.S.C. § 1391, venue properly lies in the southern division of the United States District Court for the District of Nevada.

**General Allegations**

4.    On or about July 6, 2011, Mr. Becker, the plaintiff in this matter, commenced employment with Performance Food Group, Inc.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 1 of 5

5.     Performance Food Group, Inc., provided a long-term disability benefit to certain of its employees, including but not limited to the plaintiff, Mr. Becker.  A true and correct copy of the Summary Plan Description for the Performance Food Group, Inc. Long Term Disability benefit, effective January 1, 2018, is attached as Exhibit 1.

6.     Performance Food Group, Inc. Welfare Plan (hereafter, referenced as "The Plan"), the defendant named in this action, is the plan providing the long-term disability benefit to certain employees of Performance Food Group, Inc.

7.     Performance Food Group, Inc., is the Administrator of the Plan.

8.     At all times relevant to this claim, the Administrator used the services of an insurance carrier to act as a third-party administrator to manage benefits under the Plan.  The insurance carrier for the Plan is Aetna Life Insurance Company.

9.     On March 12, 2018, Mr. Becker commenced a medical leave of absence, taken pursuant to 29 U.S.C. § 2612(a)(1)(D), as set forth in the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654.

10.    Mr. Becker is an individual who has been an above-the-knee amputee since 2006.  Mr. Becker's left leg was amputated above the knee joint.  As a result, Mr. Becker has suffered from severe and debilitating pain in the lower back, hip, and right knee.  For example, Mr. Becker had to have surgery in 2009 on his left hip due to pain and complications from the amputation.  The severe and debilitating pain is becoming increasingly severe as he ages, along with other symptoms attributable to the effects of the amputation.  This severe, debilitating, and disabling pain was the cause of Mr. Becker's claim for benefits.

11.    Effective March 12, 2018, and beginning concurrently with the FMLA-associated leave of absence, Mr. Becker received short term disability benefits from his employer, Performance Food Group, Inc.  Mr. Becker's employer's short term disability benefits plan was administered by the Performance Food Group, Inc. Employee Benefits Plan.

12.    Mr. Becker collected short term disability benefits under the Performance Food Group, Inc. Employee Benefits Plan from March 12, 2018, to September 9, 2018.

13.    Mr. Becker requested, and was denied, an extension of the leave time beyond

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 2 of 5

1  September 9, 2018, as an accommodation to his disability.  Performance Food Group, Inc., Mr.
2  Becker's employer, denied Mr. Becker additional leave time as an accommodation to his disability.
3        14.    According to Mr. Becker's treating physician, Dr. J. Cal Noorda, Mr. Becker was
4  restricted in his to one to two hours of computer work per day and no traveling.  Dr. Noorda further
5  stated that these restrictions were "permanent."
6        15.    By letter dated October 12, 2018, the Human Resources Manager for Performance
7  Food Group, Inc., Mr. Becker's employer, informed Mr. Becker as follows:  "We have reviewed
8  with you all of the currently open and available positions with PFG," referring to Performance Food
9  Group, Inc., "and there are no positions compatible with your permanent restrictions for which you
10 are qualified that you can be transferred to as an accommodation."  The letter further stated:
11 "Therefore, we are terminating your employment as of October 12, 2018."
12       16.    Mr. Becker applied for long term disability benefits from Defendant, the Plan.
13       17.    On September 17, 2018, the Plan, through its third-party administrator Aetna Life
14 Insurance Company, denied Mr. Becker's claim for long term disability benefits.
15       18.    Mr. Becker timely appealed the denial of benefits.
16       19.    By letter dated December 13, 2018, the Plan, through its third-party administrator
17 Aetna Life Insurance Company, upheld and affirmed its denial of Mr. Becker's claim for long term
18 disability benefits.  A true and correct copy of this letter from Aetna Life Insurance Company is
19 attached as Exhibit 2.
20       20.    The letter of December 13, 2018, was sent in the name of Melissa Fehd, Disability
21 Appeals Consultant for Aetna Life Insurance Company.  According to Ms. Fehd's letter: "We agreed
22 with the original decision to deny your benefit as of September 17, 2018."
23       21.    Furthermore, according to the letter of December 13, 2018, an unidentified, unnamed
24 "independent doctor who specializes in Physical Medicine & Rehabilitation" ostensibly reviewed
25 Mr. Becker's medical file.  The ostensibly "independent" reviewing physician never spoke with Dr.
26 Noorda, nor Mr. Becker himself, about Mr. Becker's physical condition.
27       22.    According to the letter of December 13, 2018, the physical condition of Mr. Becker
28 was described as follows:

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

> Dr. Noorda completed a statement of incapacity on August 8, 2018, in which he states that you have ataxia due to your above the knee amputation and chronic pain. He indicated you were unable to perform constant walking and car transfers. During the office visit of that date, he noted that you reported a worsening right inguinal bulge due to a hernia. You also noted ongoing pain in the left lower limb, in the setting of prior traumatic injury to the left leg resulting in an above-knee amputation in 2006. On examination, you had a tender spot about the right thigh.

The letter continued:

> After review of the claim file, the reviewing physician was unable to substantiate any clinical deficits that would be sufficient to render you unable to perform the material duties of your regular occupation from March 19, 2018, forward. There is no mention of intolerance to sitting or walking in the medical records, but the records do mention you have a well-fitting prosthesis. As a result, no impairment was supported.

23. Contrary to the assertions set forth in December 13, 2018, Mr. Becker was unable to perform the essential functions of his job; therefore, as a result of the severe and debilitating pain that he suffered as a result of continuing affect of his above-the-knee amputation of his left leg, Mr. Becker qualified for long term disability benefits under the Plan.

24. The letter of December 13, 2018, was the Plan's final denial of Mr. Becker's application for long term disability benefits under the Plan.

25. Mr. Becker's physical condition has continued to deteriorate since his original application for long term disability benefits under the Plan. The pain that he continues to suffer as a result of his above-the-knee amputation of his left leg has increased and continues to increase.

### **First Claim for Relief**

26. Mr. Becker repeats the allegations contained in paragraphs 1 to 25, *supra*.

27. Mr. Becker properly made a claim for long-term disability benefits under the terms of the Plan.

28. Mr. Becker was denied benefits due him under the terms of the Plan.

29. Mr. Becker is entitled to the payment of long-term disability benefits under the terms of the Plan, effective as of the date that he made application.

30. Mr. Becker exhausted all appeals to the denial of long-term disability benefits provided to him under the terms of the Plan.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

31. The Plan has continued to deny Mr. Becker the long-term disability benefits due and owing to him under the terms of the Plan.

32. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Mr. Becker is entitled to recover payment of all long-term disability benefits due him under the Plan, which should have been paid to him.

33. Mr. Becker is further entitled to recover his reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g), in an amount to be determined.

**Second Claim for Relief**

34. Plaintiffs repeat the allegations contained in paragraphs 1 to 33, *supra*.

35. Mr. Becker is entitled to an award of specific performance by the Plan and by its third-party administrator, directing them to perform their duties owed to Mr. Becker by paying to Mr. Becker continuing benefits under the terms of the Plan.

36. Mr. Becker is further entitled to recover his reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff KEVIN BECKER prays that the following judgment be entered against Defendant PERFORMANCE FOOD GROUP, INC. WELFARE PLAN:

1. Monetary damages for the benefits due and owing, in an amount to be determined at trial, which continue to accrue;

2. An order of specific performance of all duties and obligations owed to Mr. Becker under the terms of the Plan;

3. An award of pre-judgment interest on the amount owed;

4. An award of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

5. Any further relief that this Court deems just.

Respectfully submitted,

LAW OFFICES OF ROBERT P. SPRETNAK

By: /s/ Robert P. Spretnak
Robert P. Spretnak, Esq.

Attorney for Kevin Becker, Plaintiff

8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 5 of 5